**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § § § § § | |
| **v.** | | **CRIMINAL NO. 4:24-CR-17-SDJ-AGD** |
| **LAMAR LEE JOHNSON** | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on July 10, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Michael Anderson.

On September 4, 2018, Senior United States District Judge Sam R. Cummings sentenced Defendant to a term of sixty (60) months imprisonment followed by three (3) years of supervised release. *See* Dkts. 1-3 at 1–3; 2 at 1. On November 25, 2022, Defendant completed his original term of imprisonment and began serving his term of supervised release. *See* Dkt. 2 at 1.

On June 21, 2024, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2), alleging Defendant violated five conditions of his supervised release. *See id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision; (3) Defendant shall not commit another federal, state, or local crime; (4) Defendant

1

shall abstain from the use of alcohol and all other intoxicants during the term of supervision; and

(5) Defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)–(2) On November 5, 2023, Defendant was arrested by the Richardson Police Department for the offenses of Driving While Intoxicated-Open Container, Resisting Arrest, and Obstruction or Retaliation. At 2:20 a.m., the Richardson Police Department received a call regarding a possible drunk driver. Officers began to follow the vehicle and observed the driver striking the curb line. A traffic stop was initiated, and contact was made with the driver identified as Defendant. Defendant was asked how much he had to drink. Defendant stated "not much, then said he had a few beers and a few shots. A field sobriety test was initiated. Defendant stated multiple times that the test should not be valid because it was unfair. An inventory of the vehicle was completed and two opened 12oz Bud Light beers were in the center console, two more beers were in the passenger door pocket, and two unopened beers were in the back seat. A bottle of El Jimador Tequila, which was almost empty, was located behind the passenger seat within reach of Defendant.

The officer determined Defendant had been operating a motor vehicle while in a public place and that he was under the influence. The officer grabbed Defendant's arm to place him under arrest and he immediately tensed his arms and tried to pull them to his chest. Defendant continued to struggle with the officers and was calling them "b--ch asses." While being driven to the jail, Defendant continuously made derogatory statements and threats toward the officer. He called the officer a "b--ch ass white boy" and said, "White people, I hate y'all, with a passion I hate white people dog, that's why it's tattooed on my arm." Defendant stated, "Go to Pollock Louisiana, cut yo mother f--king head off b--ch." He further stated, "If they take these handcuffs off me and leave me and you in a cell, I promise you I'll bleed your b--ch ass. I will beat the f--k out of you white boy. I hope your daughter get f--ked n---a at an early age. I hope one of y'all people kidnap her. One day y'all people do child molester ass s--t. I hope one of your kin folks kidnap her and f--k her b--ch."

Defendant was charged with Obstruction or Retaliation, Resisting Arrest, Search, or Transport, and Driving While Intoxicated. On that date, he was released on $750.00, $750.00, and $3,500.00 bonds, respectfully. These cases have not yet been filed in Dallas County and remain pending.

(3)–(4) On June 15, 2024, Defendant was arrested by the Plano Police Department for the offenses of Obstruction or Retaliation, two Counts; and Resisting Arrest. While on patrol in the area of E. Parker Road at 1:15 a.m., an officer observed a vehicle traveling at a high rate of speed, which radar indicated was 81 miles per

hour in a 35 miles per hour zone. The vehicle came to a stop in a driveway. The officer approached the vehicle as the driver and sole occupant exited the vehicle. The officer asked him to step back inside the vehicle as the officer was making a traffic stop. The driver stated he was not. The driver appeared unsteady on his feet and his speech was slurred. The driver identified himself as Defendant. Defendant stated he took his father's vehicle down the road for a drive and apologized for the speed. The officer told him he smelled alcohol on his person. Defendant's wife stated he had drunk two beers. Defendant then stated he was drinking Bud Light and had two beers and a couple of shots while hanging out at the house. The officer attempted to continue asking Defendant questions to which he responded, "I plead the fifth, no further questions."

The Plano Police Department dispatch ran Defendant's name and stated there was a warrant for the previous Driving While Intoxicated charge. As the officer was waiting for confirmation of the warrant, he told Defendant that he was being arrested. Defendant then began to pull his arms and resist. Defendant's family then came outside, surrounded the officer, and began yelling at him. Defendant yelled at a family member to "slap him, slap that b--ch." Defendant then stood up and moved his face closer to the officer and stated, "Take these handcuffs off, I'll beat your b--ch ass up."

As additional officers arrived, Defendant was taken to the squad car. He refused to enter the back seat and had to be forced inside. He attempted to kick the officer and kicked the windows and door. Another officer opened the door and asked Defendant if he was going to continue to fight, and he responded, "Imma get you and we'll fight like a mother f--ker." When the officer attempted to shut the squad car door, Defendant kicked it back open and raised his knee almost striking the officer and then kicked the officer in the shoulder.

Defendant was charged with two counts of Obstruction or Retaliation, and with Resisting Arrest, Search, or Transport. On that date, he was released on $5,000.00, $5,000.00, and $2,000.00 bonds, respectfully. These cases have not yet been filed in Collin County and remain pending.

(5) On June 18, 2024, Defendant advised the Probation Office that he was unemployed. He stated he got mad at someone at his job and left.

On July 9, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for July 9, 2024. Defendant entered a plea of true to allegations two, four, and five, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 13. The Government moved to withdraw allegations one and three, which the Court granted. *See* Minute Entry for July 9, 2024. The Court

3

finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 9, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, to run consecutively to any other term of imprisonment, with no term of supervised release to follow. The Court further recommends Defendant be placed at FMC Fort Worth in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 10th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE